UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDWIN RODRIGUEZ,** | Civil Action No. 16-4431 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **CHARLES GREEN, et al.,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Edwin Rodriguez, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed a response to the Petition. (ECF No. 4). Petitioner did not file a reply brief. For the following reasons, this Court will grant the petition and will direct an immigration judge to conduct a bond hearing for Petitioner.

**I. BACKGROUND**

Petitioner, Edwin Rodriguez, is a native and citizen of the Dominican Republic, who was admitted into this country as a legal permanent resident in 1991. (Document 4 attached to ECF No. 4 at 1). In November 2005, Petitioner was convicted of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (*Id.*). Petitioner was sentenced to probation. (ECF No. 4 at 2). In November 2015, Petitioner was apparently arrested once again, at which point immigration officials became aware of Petitioner's prior conviction. (*Id.*). Petitioner was thereafter issued a notice to appear charging him with being removable based on his prior drug conviction, which was served upon Petitioner when he was transferred to immigration custody on

1

December 21, 2015.  (*Id.*; Document 4 attached to ECF No. 4).  Petitioner has remained detained in immigration custody since that date, and is apparently not yet subject to a final order of removal.  (ECF No. 4 at 2-3).

Since his transfer to immigration custody, Petitioner has appeared before the immigration court several times to litigate his removal proceedings.  Petitioner was first brought before the immigration court on January 26, 2016.  (Document 5 attached to ECF No. 5 at 2).  At that time, however, the immigration judge postponed Petitioner's hearing until such time as Petitioner could acquire legal representation.  (*Id.*).  Petitioner appeared again on March 2, 2016, but that hearing was also postponed so that Petitioner could hire an attorney.  (*Id.*).  On April 27, 2016, Petitioner appeared again, but his hearing could not be completed on a single date, so the hearing was continued.  (*Id.*).  Petitioner appeared before the immigration court once again on June 27, 2016.  (*Id.* at 3).  That hearing was continued, however, so that Petitioner could prepare and file an application for relief from removal.  (*Id.*).  Petitioner appeared again on July 20, 2016, but that hearing was changed from a master calendar hearing to a merits hearing, and thus had to be postponed.  (*Id.*).  Petitioner was set to appear before the immigration court once again on September 27, 2016.  (*Id.*).  It is unclear what occurred at the September 27, 2016, hearing, but neither party has suggested to the Court that Petitioner received a final order of removal at that time.[1]

---

[1] Even if the immigration court did order Petitioner at that time, he would only be subject to a final order of removal if he failed to appeal that ruling to the BIA.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Because Petitioner is not yet subject to a final order of removal, he is currently detained pursuant to 8 U.S.C. § 1226(c). The propriety of Petitioner's continued detention is thus controlled by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the reasonableness of a given period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

Given the fact specific nature of the inquiry involved, the *Diop* court did not specify a bright line rule as to when a petitioner's detention would become unreasonable based solely on the passage of time.  S*ee* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014).  While the Third Circuit has still yet to provide such a bright line rule for determining the reasonableness of continued detention under § 1226(c), the Court of appeals did provide further guidance in *Chavez-Alvarez*.  In that case, the Third Circuit held that, at least in cases where the Government has not shown bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

In this matter, while the Government acknowledges that *Diop* and *Chavez-Alvarez* are binding upon this Court, but argues that the Court should find that Petitioner's continued detention for nearly a year as of the date of this Opinion remains reasonable under § 1226(c). The Government argues that this is the case because Petitioner's case is distinguishable from *Chavez-Alvarez* for two reasons: because Petitioner is responsible for "four months" of the delay in his case, and because Petitioner's claims are weaker than those in *Chavez-Alvarez* because Petitioner is only possibly entitled to limited forms of relief under the Convention Against Torture or through withholding of removal, neither of which would apparently prevent his deportation to "a safe third country."  (ECF No. 4 at 27-29).  The Government in turn argues that, because Petitioner's prior conviction raises the bar for meeting even these lesser forms of relief from removal, Petitioner does not have a sufficiently complicated or bona fide claim, and Petitioner is therefore not entitled to a bond hearing.

4

Turning first to the issue of Petitioner's responsibility for some of the delay in his case, the Third Circuit specifically held in *Chavez-Alvarez* that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475.  Thus, detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings.  *Id.*  While the Third Circuit did observe that "certain cases might be distinguishable [from *Chavez-Alvarez* where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute," *Id.* at 476, the *Chavez-Alvarez* panel also observed that courts need not "decide whether an alien's delay tactics should preclude a bond hearing" where the court could not conclude that the alien acted in bad faith.  *Id.*

Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but is instead a fact specific inquiry requiring consideration of whether the alien has presented "real issues" to the immigration court by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues.  *Id.*  "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'"  *Id.*  Thus, the conduct of the parties in a vacuum does not per se determine

5

reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

In this matter, Petitioner has been held without bond under § 1226(c) for nearly a year, and to that extent, at least, his case is akin to *Chavez-Alvarez*. Although the Government may be correct that Petitioner is responsible for some four months of that time, nothing the Government has presented to this Court suggests that this delay was the result of mere dilatory behavior or Petitioner seeking to stretch out his case long enough that he may receive a bond hearing. *Chavez-Alvarez* does not stand for the proposition that the Court can, in the abstract, subtract any delay for which a petitioner is responsible from his period of detention when determining whether his detention remains reasonable. Instead, *Chavez-Alvarez* requires that the Court consider and weigh all available facts to determine whether the tipping point has been reached and there is a need for more than a mere presumption to continue Petitioner's detention without an individualized determination as to his danger to the community and likelihood of being a flight risk.

While the Government suggests that Petitioner's challenges are not bona fide in so much as he has a high hill to climb in seeking even limited relief from removal, the Government provides scant information about the nature of Petitioner's challenges, suggesting only that the bar is high and that Petitioner likely will not receive relief from removal under the Convention Against Torture or through withholding of removal. It does not follow from the facts that Petitioner has to clear a high hurdle for relief, or that any relief he receives may be limited to removal to a country other than that of his birth, that Petitioner has acted in bad faith, and that his case is therefore distinguishable from *Chavez-Alvarez.* Indeed, implicit in the Government's argument here is the fact that while Petitioner's claims may not be as complicated or likely to succeed as those in *Chavez-Alvarez*, his claims at the very least have some chance of success, however slim. As the

Government has not otherwise argued bad faith on Petitioner's part, and as nothing in the record provided to this Court suggests any such bad faith or dilatory motive, this Court concludes that this matter is not materially distinguishable from *Chavez-Alvarez*, and that Petitioner's length of detention has thus become unreasonable now that it has continued without a final order of removal for approximately a year.  As such, this Court will grant Petitioner's habeas petition and will direct the immigration court to provide Petitioner a bond hearing in accordance with *Chavez-Alvarez*. 783 F.3d 477-78.

### III. CONCLUSION

For the reasons expressed above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1), and will direct an immigration judge to provide Petitioner with a bond hearing.  An appropriate order follows.


December 7, 2016                                    *s/ Susan D. Wigenton*
                                                     Hon. Susan D. Wigenton,
                                                     United States District Judge